**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4081**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN O'NEAL KNOX,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge. (4:17-cr-00379-RBH-1)

Submitted: August 20, 2020                    Decided: September 1, 2020

Before KING and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Miller W. Shealy, Jr., MILLER SHEALY LAW FIRM, Charleston, South Carolina, for Appellant. Lauren L. Hummel, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian O'Neal Knox pled guilty, pursuant to a written plea agreement, to using, carrying, and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), and was sentenced to 168 months' imprisonment. Knox timely appealed. Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court should have imposed a lesser sentence. Although informed of his right to file a pro se supplemental brief, Knox has not done so. The Government seeks to dismiss Knox's appeal based on the waiver in the plea agreement.

"A criminal defendant may waive the right to appeal if that waiver is knowing and voluntary." *United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017); *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). To determine whether the waiver is knowing and voluntary, we often look to the sufficiency of the plea colloquy and whether the district court questioned the defendant about the appeal waiver, but ultimately the determination turns on "the totality of the circumstances." *Copeland*, 707 F.3d at 528 (internal quotation marks omitted). In evaluating the totality of the circumstances, courts consider "the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused." *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005) (internal quotation marks omitted). We "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *Copeland*, 707 F.3d at 528 (internal quotation marks omitted).

We have reviewed the transcript of the Fed. R. Crim. P. 11 hearing and find that Knox knowingly and intelligently waived the right to appeal both his conviction and sentence. The district court specifically questioned Knox about the written appellate waiver and confirmed that he understood he was waiving his right to appeal by entering the agreement. The terms of the waiver were "clear and unmistakable." *See Blick*, 408 F.3d at 169. Knox does not contend that the district court failed to question him concerning the appellate waiver or that he did not understand the full significance of the waiver. Based on the totality of the circumstances, we find that Knox's appeal waiver was both knowing and intelligent and, therefore, enforceable as to issues within its scope.

A valid waiver does not bar matters outside the scope of the waiver or prevent this court from correcting a miscarriage of justice. *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Nor does Knox's appeal waiver bar a constitutional challenge to the knowing and voluntary nature of his guilty plea. *See United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994). We have reviewed the record and conclude that the district court fully complied with the requirements of Rule 11 in ensuring that Knox's guilty plea was knowing, voluntary, and supported by a sufficient factual basis. Therefore, we find that his guilty plea was valid and affirm Knox's conviction.

In his *Anders* brief, counsel questions whether the district court should have, sua sponte, imposed a lesser sentence than the 168-month sentence agreed upon by the parties. *See* Fed. R. Crim. P. 11(c)(1)(C). Because Knox's sentence did not exceed the statutory maximum of life imprisonment, this claim falls within the scope of the waiver.

3

Accordingly, we grant, in part, the Government's motion and dismiss the appeal as to Knox's sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal outside the scope of the appellate waiver. We therefore dismiss the portion of the appeal challenging the calculation of Knox's sentence based on his valid appellate waiver and affirm the remainder of the district court's judgment. This Court requires that counsel inform Knox, in writing, of the right to petition the Supreme Court of the United States for further review. If Knox requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Knox.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART, AFFIRMED IN PART*